UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO LEON,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 11-8991-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On November 1, 2011, Fernando Leon ("Plaintiff") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying his application for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") disability benefits. The Commissioner filed an Answer on February 21, 2012. On June 5, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and

remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff was born on March 27, 1959, and was 38 years old on his alleged disability onset date of July 25, 1997. (AR 125, 132.) Plaintiff filed applications for Social Security Disability Insurance benefits and SSI benefits on November 6, 2008 (AR 125-35), and claims he is disabled due to a back injury. (AR 149.) Plaintiff has not engaged in substantial gainful activity since his alleged onset date of July 25, 1997. (AR 25.)

Plaintiff's claim was denied initially on January 9, 2009 (AR 90-94). Plaintiff then filed a timely request for hearing on January 19, 2009. (AR 95.) Plaintiff appeared with counsel and testified at a hearing held on March 30, 2010, before Administrative Law Judge ("ALJ") David G. Marcus. (AR 49-84.) The ALJ issued a decision denying benefits on May 28, 2010. (AR 23-31.) The Appeals Council denied review on September 8, 2011. (AR 1-3.)

## DISPUTED ISSUE

As reflected in the Joint Stipulation, there is one disputed issue: whether the ALJ properly categorized and considered Plaintiff's educational status.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix I. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first

must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ'S DECISION

In this case, the ALJ determined at step one that Plaintiff has not engaged in substantial gainful activity since his alleged disability onset date of July 25, 1997. (AR 25.)

At step two, the ALJ determined that Plaintiff suffers from the severe impairments of degenerative disc disease and status post left knee surgery. (AR 25.)

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 26.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

1    The ALJ found that Plaintiff has the RFC to perform light work, "in that [he] can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk 6 hours of an 8-hour workday; sit 6 hours of an 8-hour workday; frequently balance, kneel, and crawl; and occasionally climb, stoop, and crouch." (AR 26.)

    At step four, the ALJ determined that Plaintiff could not perform his past relevant work as a heavy equipment operator or salvage laborer. (AR 29.)

    At step five, the ALJ determined that Plaintiff could perform the occupations of cashier, storage facility clerk, and sales attendant. (AR 29-30.) The ALJ therefore concluded that Plaintiff is not disabled. (AR 30.)

## DISCUSSION

### The ALJ Failed to Discuss Significant Probative Evidence

    Plaintiff argues that the ALJ improperly considered his educational background and potential mental limitations. Specifically, Plaintiff contends that the ALJ erred by failing to evaluate the psychological evaluation performed by Dr. Dunbar on March 26, 2009 (AR 483-507), which could have impacted Plaintiff's RFC and his ability to adjust to other work. The Court agrees.

    Dr. Dunbar performed a psychological evaluation of Plaintiff "to assess gross mental processes, psychological symptoms, and cognitive functions as related to vocational rehabilitation readiness." (AR 483.) Dr. Dunbar administered a battery of tests, and his findings included:

- Plaintiff's performance on English language tests placed him at the below basic level of prose literacy, meaning that he "possesses no more than the most simple and concrete literacy skills," and "has marked impairment in the use of printed and written information to function in society, to achieve one's goals, and to develop one's knowledge and potential." (AR 494-95.)
- Plaintiff's score on the WAIS-IV Matrix Reasoning Task "indicate[d] restriction in abstract reasoning." (AR 495.)

- Plaintiff's score on the WRAT-III Arithmetic task indicated that he "can only perform in work roles that require limited mathematic skills," and "should avoid careers that rely upon computational abilities." (AR 496.)
- His test scores "indicate[d] a restriction of executive functioning." (AR 497.)
- Plaintiff "scored in the low-normal-to-borderline range on . . . tests of general cognitive ability." (AR 497.)
- "Reading fluency was . . . at a below middle school level." (AR 497.)
- "Spelling skills were found to be at a below high school level." (AR 497.)
- "The fund of computational abilities . . . are below a high school level." (AR 497.)
- "Applied arithmetic skills needed for daily functioning . . . were at a post-high middle school level." (AR 497.)

Dr. Dunbar concluded that Plaintiff was currently "substantially limited in his ability [to] perform major life activities that include self care, working without direction supervision, performing schoolwork, and/or learning." (AR 504.) The test results indicated "significant restriction of critical scholastic and occupational abilities that without assistance - i.e., vocational rehabilitation and/or academic accommodation - will restrict capacity for occupational success and self care" and "significant restriction of reading fluency/comprehension skills, computational abilities, and visual reasoning abilities." (AR 505.) Furthermore, Plaintiff's "[c]apacity for learning new vocational information appears to be generally impaired." (AR 505.) Plaintiff also had several "characteristics associated with a serious work dysfunction." (AR 505.) Dr. Dunbar diagnosed Plaintiff with dysthymic disorder, adjustment disorder with anxiety, and adjustment disorder - NOS - marked by occupational restriction. (AR 506.)

   As Plaintiff argues, Dr. Dunbar's report could have implications for Plaintiff's RFC or his ability to adjust to other work. For example, if the ALJ accepted Dr. Dunbar's findings he would have likely found that Plaintiff possessed some mental restrictions in his RFC. Despite

its obvious relevance, however, the ALJ did not even mention Dr. Dunbar's report. This was error. An ALJ need not discuss every piece of evidence, but he must not ignore "significant probative evidence." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984); accord Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). The Court cannot find the error harmless. If the ALJ accepted Dr. Dunbar's opinion, he might not have found at step five that Plaintiff could perform the occupations of cashier, storage facility clerk, or sales attendant. Each of these occupations involves "Level 3" reasoning, which entails, among other things, dealing "with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles §§ 211.462-010, 295.367-026, 299.677-010. Dr. Dunbar's opinion calls into question whether Plaintiff retains the capacity to perform this kind of reasoning and whether he can learn new work involving this type of reasoning. Accordingly, remand is warranted for the ALJ to evaluate Dr. Dunbar's opinion.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 26, 2012

                                                              */s/ John E. McDermott*
                                                             JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE